**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANSELMO MUNOZ-VEGA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9571
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Anselmo Munoz-Vega, proceeding pro se,[1] petitions for review of an order of

the Board of Immigration Appeals (BIA) denying his motion to reopen his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Munoz-Vega proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

immigration proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

Mr. Munoz-Vega is a native and citizen of Mexico. He entered the United States without authorization in 1999. The Department of Homeland Security initiated removal proceedings against him in 2010. An immigration judge (IJ) found him removable as charged. With assistance from counsel, Mr. Munoz-Vega moved for cancellation of removal and voluntary departure. In 2018, the IJ granted voluntary departure but denied his application for cancellation of removal on the ground that Mr. Munoz-Vega failed to show any of his qualifying relatives would suffer exceptional and extremely unusual hardship by his return to Mexico. Mr. Munoz-Vega appealed to the BIA, which affirmed the IJ's decision and dismissed his appeal. Mr. Munoz-Vega filed a petition for review of the BIA decision, but this court dismissed that petition as untimely filed.

Mr. Munoz-Vega then filed a motion to reopen with the BIA. In support of his motion, he attached four pieces of evidence: a notice from United States Citizenship and Immigration Services informing him it would not process the Form I-589 he submitted due to lack of jurisdiction, *see* R. vol. 1 at 17–18; his Form I-589 application for asylum dated October 27, 2021, *see id.* at 20–29; a personal declaration, *see id.* at 30–41; and his birth certificate, *see id.* at 42–43.

The BIA concluded the motion was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting deadline to file a motion to reopen at 90 days following the entry of the final order of removal). After considering and rejecting

2

Mr. Munoz-Vega's argument that an exception to the time limit applied, *see id.* § 1229a(c)(7)(C)(ii) (allowing for untimely motions to reopen to apply for asylum if application "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding"), the BIA denied the motion, concluding Mr. Munoz-Vega did not present sufficient evidence to warrant reopening.  This petition for review followed.

"We review the BIA's denial of a motion to reopen for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Estrada-Cardona v. Garland*, 44 F.4th 1275, 1281–82 (10th Cir. 2022) (internal citation and quotation marks omitted).

Mr. Munoz-Vega's arguments do not demonstrate an abuse of discretion on the part of the BIA.  He criticizes the BIA's denial of his original application for cancellation, but that denial is beyond the scope of the instant petition for review. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995) (contemplating separate, timely filings of petition for review from underlying order of removal and of petition for review of denial of motion for reconsideration).  He refers to *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), as an intervening change in law warranting reopening of his immigration proceedings.  But the Supreme Court decided *Guerrero-Lasprilla*

3

before the BIA decided his initial appeal, much less before it denied his motion to reopen. And Mr. Munoz-Vega does not point to anything in *Guerrero-Lasprilla* suggesting the BIA abused its discretion in denying his motion. He argues the BIA should have taken administrative notice "of the well reported fact of the large increase of violence in Mexico and de facto control of there by violent criminal cartels," Pet'r Opening Br. at 3, but he did not request that the BIA take judicial notice of any kind. In any event, the issues he raises—whether and to what extent there has been a "large increase of violence in Mexico," whether cartels exercise "de facto control" of the country, and whether and how this would affect his untimely motion to reopen—are not appropriate for judicial notice to the extent they are reasonably subject to dispute. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A) (allowing the BIA to take administrative notice only of "facts that are not reasonably subject to dispute").

We therefore deny the petition for review.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4